ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN - 9 2026

KEVIN P. WEIMER, Clerk
By _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

CAISHA MAXEY

Criminal Indictment

No.  1 : 26 C R - 0 2 6 1

THE GRAND JURY CHARGES THAT:

### Count One
### 18 U.S.C. § 641
### (Theft of Government Funds)

1. The Social Security Act of 1935 established the Federal and State Unemployment Insurance System, which provides benefits to persons out of work through no fault of their own. The Georgia Department of Labor ("GDOL") administered unemployment insurance for the State of Georgia and the United States. The unemployment insurance benefits administered by GDOL are funded through a combination of federal and state funds.

2. Before March 2020, only individuals who were wage earners were eligible to receive unemployment insurance benefits. Beginning in March 2020, however, federal legislation made significant changes to unemployment insurance benefits in response to the COVID-19 pandemic, including making individuals who were self-employed eligible to receive benefits; extending the duration of the benefits period; and increasing the amount of benefits. Overall, more than $300 billion in additional federal funds were appropriated for unemployment insurance benefits during the COVID-19 pandemic.

3. Beginning on or about October 13, 2020, and continuing until on or about June 30, 2021, in the Northern District of Georgia, the defendant,

**CAISHA MAXEY,**

did willfully and knowingly steal, purloin, and convert to her own use unemployment insurance benefits in the total amount of approximately $21,144.00, which included more than $1,000.00 of money of the United States and a department and agency thereof, in violation of Title 18, United States Code, Section 641.

### Forfeiture Provision

4. Upon conviction of the sole offense alleged in this Indictment, the defendant, **CAISHA MAXEY,** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the sole offense alleged in this Indictment.

5. If, any property subject to forfeiture, as a result of any act or omission of a defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

2

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A _____ True _____ BILL

FOREPERSON

THEODORE S. HERTZBERG
*United States Attorney*

BERNITA B. MALLOY
*Assistant United States Attorney*
Georgia Bar No. 718905

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181